## · NEW YORK COMMON PLEAS.

### SMITH adm'r, &c. agt. KEELER.

Where an action is brought in the Court of Common Pleas to recover damages for trespass on personal property, and the plaintiff recovers less then $50 damages he is not entitled to costs.

The section of the *R. S.* 2 *vol p,* 510, which provides for costs in such cases, where the court or jury certify the trespass to have been malicious is repealed.

The distinction which existed between this court and the Supreme Court in the rate of costs in certain cases is abolished by the Code

*Special Term, November* 1852, The plaintiff brought an action against the defendant for a trespass in taking personal property and recovered less than $50 damages. He moved, on the testimony and pleadings in the cause for a certificate that the trespass was willful and malicious, and for costs.

INGRAHAM, First Judge.—Section 304 of the Code, gives the plaintiff costs in an action for the recovery of money, when the plaintiff shall recover fifty dollars or more. This is the only provision in the Code under which, in an action for a trespass, costs can be recovered by the plaintiff.

The Code also repeals all statutory provisions regulating the costs in civil cases, and the provisions of the Revised Statutes, 2d vol. 510, which provides for the allowance of costs, in actions of trespass, where the court or jury shall certify the trespass to have been malicious, are included in such repeal.

There is now no rule as to costs, applicable to actions for trespass, which is different from that which applies to other actions for the recovery of money. In all the recovery must be at least fifty dollars, or the plaintiff can not have costs.

If there could be any doubt about the intent of repealing this provision, it would be removed, when it is remembered that the section allowing costs, where the recovery was under $50, on a certificate that the trespass was willful was confined to the Common Pleas.

By the Code all distinction between this court and the Supreme Court as to the rate of costs which formerly existed is abolished,

and as there is no other Court of Common Pleas in the state, there would be no reason for that distinction being continued.

The plaintiff is not entitled to costs in this case. Motion denied.